# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Curtis Brady, Jr., | Case No. 2:17-cv-02534-JAD-CWH |
| Plaintiff | |
| v. | |
| James Dzurenda, et al., | **Order Denying Motion to Consolidate** |
| Defendants | [ECF No. 15] |

Pro se plaintiff Curtis Brady, Jr. is an inmate in the custody of the Nevada Department of Corrections. He brings this civil-rights action seeking redress for events that he claims occurred while he was incarcerated at the High Desert State Prison (HDSP).[1] His complaint has been screened, and he is proceeding on claims for First Amendment retaliation and Eighth Amendment excessive force and deliberate indifference.[2]

Brady moves to consolidate his case with another action pending before me: his cell mate Ernest Jord Guardado's First Amendment retaliation suit for events he claims occurred at the HDSP. Guardado has filed a similar request for consolidation, which Magistrate Judge Ferenbach recommends I deny.[3] Rule 42(a) of the Federal Rules of Civil Procedure gives the court wide discretion to consolidate or join common-question actions when combining them will result in a savings of time and effort rather than inconvenience, delay, confusion, or prejudice.[4]

Brady has not demonstrated that consolidation is appropriate here. Although Brady and Guardado's cases present some common questions of law and fact, they are not identical (as

---

[1] ECF No. 1-1.

[2] ECF No. 5.

[3] *See* ECF Nos. 33 (motion), 51 (R&R) in 2:17-cv-1072-JAD-VCF.

[4] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

Brady suggests), and the screening orders in the two cases have created an even greater divide between them, leaving the cases with different theories, claims, and defendants.[5] These differences will require Brady and Guardado to present different evidence to prove their claims. Accordingly, I do not find that consolidation or joinder would be economical in this case.

IT IS THEREFORE ORDERED that Brady's Motion to Consolidate **[ECF No. 15] is DENIED.** However, because judicial economy would be served by having both cases heard by the same magistrate and district judge, IT IS FURTHER ORDERED that **the Clerk of Court is directed to reassign this case to Magistrate Judge Ferenbach**, who is presiding over Guardardo's earlier-filed case (2:17-cv-1072-JAD-VCF).

Dated: April 3, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *See* ECF No. 51 in 2:17-cv-1072-JAD-VCF (incorporated herein and describing the material differences in greater detail).