# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

CURTIS BRADY,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

2:17-cv-02534-JAD-VCF

**ORDER**

MOTION TO PRODUCE INFORMATION [ECF NO. 18]

    Before the Court is Plaintiff Curtis Brady's Motion for Order on Defendants to Produce Information on Defendant Barron. (ECF No. 18). For the reasons discussed below, Plaintiff's motion is granted in part.

    Correctional Officer Barron is listed as a Defendant in Plaintiff's complaint. (ECF No. 6 at 4). The Office of the Attorney General did not accept service on behalf of Barron, nor did it provide any last-known address for Barron, because he is "unknown." (ECF Nos. 12, 13)

    Plaintiff moves to compel the Attorney General's Office to produce information regarding Barron. Plaintiff asserts that "Defendants known and/or have access to the required information to identify C/O Barron." (ECF No. 18 at 1). Plaintiff's motion also provides some additional information about Barron—Plaintiff identifies a specific grievance associated with Barron and Defendant Faliszek. (*Id.*). Defendants did not file a response to the motion.

    Under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." In addition, Plaintiff has made a showing that Barron may not be "unknown" to Defendants or the Attorney General's Office. The motion contains new information that may help the Attorney General's Office identify Barron.

    ACCORDINGLY, and for good cause shown,

1

IT IS ORDERED that Plaintiff's Motion for Order on Defendants to Produce Information on Defendant Barron (ECF No. 18) is GRANTED IN PART. The Attorney General's Office has until May 14, 2019 to file with the Court a new notice regarding acceptance of service on behalf of Barron. If the Attorney General's Office does not accept service on behalf of Barron, it must include either (1) Barron's last-known address[1] or (2) a statement regarding the efforts it made to identify Barron.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 23rd day of April, 2019.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[1] The last-known address must be filed under seal. (*See* ECF Nos. 12, 13).