# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

CURTIS BRADY JR,

        Plaintiff,

vs.

STATE OF NEVADA, *ex rel., et al.*,

        Defendants.

Case No. 2:17-cv-02534-JAD-VCF

**ORDER**

MOTION FOR EXTENSION OF TIME [ECF NO. 34]

Before the Court is Plaintiff Curtis Brady Jr.'s Motion to Extend the discovery deadline (ECF No. 34) and Defendants Antonio Bryant, Joseph Faliszek, Stephen George, Morris Guice, and Ronald Oliver's Response (ECF No. 36). For the reasons discussed below, Plaintiff's motion is granted in part.

## BACKGROUND

Plaintiff's complaint against Defendants James Dzurenda, D.W. Neven, Brian Williams, Morris Guice Jr., Antonio Bryant, R. Oliver, Stephan George, Barron, Joseph Faliszek, the State of Nevada, and the Nevada Department of Corrections was filed on October 18, 2018. (ECF No. 6). On March 25, 2019, this Court ordered a discovery deadline of June 24, 2019 pursuant to LR 16-1(b). (ECF No. 21 at 1). On May 29, 2019 Plaintiff mailed to the Court this motion to extend the discovery deadline by 90 days. (ECF No. 34).[1] Plaintiff states needs more time to access the prison's law library, where he faces scheduling issues. (*Id.* at 3). In their response, Defendants consent to an extension of time, but claim 90 days would be excessive. (ECF No. 36 at 2). Defendants argue a 45 day extension would be sufficient. (*Id.*).

//

---

[1] Plaintiff's motion was entered on the docket on June 4, 2019 (ECF No. 34).

1

**ANALYSIS**

Under LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. *See also* Fed. R. Civ. Pro. 16(b)(4) ("a schedule may be modified only for good cause and with the judge's consent"). Any motion or stipulation for extension of a discovery deadline must include: (1) a statement specifying the discovery completed by the parties as of the date of the motion or stipulation; (2) a specific description of the discovery that remains to be completed; (3) the reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and (4) a proposed schedule for the completion of all remaining discovery. LR 26-4.

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). When determining good cause, the Court "primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "The scheduling order can be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *McKenzie v. Walgreen Co.*, 2013 U.S. Dist. LEXIS 8057, at *5-7 (D. Nev. Jan. 18, 2013).

Plaintiff did not state what discovery, if any, has been completed by either party as of May 29, 2019. (ECF No. 34). Plaintiff states he needs additional time to submit Admissions, Interrogatories, and Document Requests, but he does not state what information he wished to discover from these mechanisms or what questions he wanted answered. (*Id.* at 3). Plaintiff states he cannot not complete discovery "due to the unavailability of law library slots" at his prison. (*Id.*). Plaintiff did not submit a proposed schedule for completion of all remaining discovery. (*Id.*). Plaintiff is pursuing the case *pro se*. (*Id.*). Plaintiff did file the motion to extend before the original discovery deadline of June 24, 2019. (ECF No. 34). The Court finds that Plaintiff has been diligent in attempting to access legal information using the prison library. However, Plaintiff's motion lacks specificity with respect to the requirements of LR 26-4(a), (b), and (d).

This Court does not find good cause to extend the discovery deadline by 90 days based on Plaintiff's motion.

However, Defendants Antonio Bryant, Joseph Faliszek, Stephen George, Morris Guice, and Ronald Oliver have consented to an extension of time. (ECF No. 36 at 2). They ask the Court only grant Plaintiff 45 days instead of 90. (*Id.*). Defendant's state that 90 days would be an "excessive" extension, while 45 days would be "sufficient." (*Id.*). This Court recognizes Plaintiff's need to access legal information as a *pro se* litigant and accepts his access to this information is limited by his confinement despite his diligence. The Court finds good cause for an extension. However, the Court agrees with Defendants that 45 days is sufficient time for Plaintiff to resolve his scheduling issues.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Extend Discovery Deadlines (ECF No. 34) is GRANTED IN PART.

IT IS ORDERED that the discovery deadline be extended 45 days from the current discovery deadline. Both parties shall complete discovery by August 9, 2019.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 8th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE