# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

CURTIS BRADY JR.,

        Plaintiff,

vs.

JAMES DZURENDA, *et al.*,

        Defendants.

2:17-cv-02534-JAD-VCF

**REPORT AND RECOMMENDATION FOR DISMISSAL**

    Before the court is *Curtis Brady, Jr. v. James Dzurenda, et al.*, case number 2:17-cv-02534-JAD-VCF.

Relevant background:

    This case was referred to the undersigned Judge to hold set a settlement conference. (ECF NO. 55). A settlement conference was scheduled for February 23, 2021. On February 17, 2021, the court scheduled a telephonic status hearing for February 22, 2021 to discuss the settlement conference. (ECF NO. 58).

    On February 22, 2020, the Court held the telephonic status conference as scheduled. Present at the hearing was Henry Kim, Esq. on behalf of Defendants. Plaintiff Brady failed to appear at the hearing. (ECF No. 59).

    The court scheduled a video show cause hearing for 1:00 PM, April 6, 2021. Brady again failed to appear at the April 6th hearing.

    Here, Plaintiff failed to comply with the Court's Orders (ECF Nos. 58 and 60).

    The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket

congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone,* 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali,* 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's

order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

Plaintiff had notice that dismissal would result from his failure to comply with Court Orders, yet he continuously fail to comply with court orders. (ECF No. 60).

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Court Orders (ECF Nos. 58, and 60).

The Court Clerk is directed to mail a copy of this order to Plaintiff.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of April, 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE